IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK DOUGLAS WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>KIEWIT PACIFIC CO., BRENT NIELSEN, ED TAYLOR, DONALD YOUNG, and DOES 1 THROUGH 10,<br><br>    Defendants.<br>_____/ | No. C 05-04626 JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is the motion to dismiss filed by defendants Brent Nielsen, Ed Taylor, and Donald Young (collectively, "Individual Defendants"). Plaintiff Kirk Douglas Williams ("Plaintiff") did not file an opposition to this motion.[1] Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS the Individual Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff filed a complaint in Contra Costa Superior Court against his former employer, Kiewit Pacific Company ("Kiewit"), asserting claims for wrongful termination in violation of public policy and breach of contract.[2] Plaintiff alleges that Kiewit and the Individual

---

[1] On the day this matter was set for a hearing, Plaintiff called the Court *ex parte* indicating that he would not be attending the hearing, but that he opposed any dismissal. He further informed the Court that he is currently seeking to obtain counsel. In the future, if Plaintiff needs to bring something to the attention of the Court, he should do so by a written brief filed with the Court and served on all parties.

[2] The caption of Plaintiff's complaint also refers to a breach of the covenant of good faith and fair dealing, but the body of Plaintiff's complaint does not appear to assert a claim for breach of this covenant. If Plaintiff intended to assert a claim for breach of the covenant

Defendants terminated him in retaliation for his refusal to violate California safety regulations and in breach of his employment agreement for continued employment.

Kiewit and the Individual Defendants removed this matter to federal court on the basis of diversity and federal question jurisdiction. (Notice of Removal.) They contend that Plaintiff's breach of contract claim is actually a claim for breach of a collective bargaining agreement ("CBA"), and thus is completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301").

The Individual Defendants now move to dismiss Plaintiff's complaint against them for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ANALYSIS**

**A.   Legal Standard on a Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

---

of good faith dealing against Kiewit, he should file an amended complaint by no later than March 1, 2006. However, Plaintiff's claim for breach of the covenant of good faith and fair dealing, if any, may be asserted against Kiewit only and not the Individual Defendants.

**B.    Individual Defendants' Motion.**

    **1.    Plaintiff's Claim for Wrongful Termination in Violation of Public Policy.**

Individual Defendants argue that Plaintiff cannot sue them for wrongful termination in violation of public policy because California law precludes employees from suing other employees for wrongful termination. The Individual Defendants are correct. *See Philips v. Gemini Moving Specialists, Inc.*, 63 Cal. App. 4th 563, 576 (1997) (third parties who are not the plaintiff's employer cannot be liable for wrongful termination in violation of public policy because they were not the plaintiff's employer); *see also Jacobs v. Universal Development Corp.*, 53 Cal. App. 4th 692, 703-04 (1997) (managerial employees could not be held liable for wrongful termination because they were not the plaintiff's employer). Accordingly, the Court grants the Individual Defendants' motion on this claim without leave to amend.

    **2.    Plaintiff's Claim for Breach of Contract.**

Individual Defendants also move to dismiss Plaintiff's claim for breach of contract. They contend that Plaintiff's claim is completely preempted by Section 301, and individual employees cannot be held liable pursuant to Section 301. Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim...." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Section 301 is a federal statute with such complete preemptive force. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968). Claims for breaches of individual employment contracts are completely preempted if the employee is covered by a CBA and the individual employment contract is not completely independent of the CBA. *Young v. Grottos, Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987). Such claims in effect are actually claims for breaches of the CBA pursuant to Section 301. *Id*.

In *Young*, the plaintiff argued that her individual labor contract was independent of the CBA. The court rejected her argument because the subject matter of her contract was a position covered by the CBA. The court reasoned that "[b]ecause any independent agreement of employment [concerning that job position] could be effective only as a part of the collective

bargaining agreement, the CBA controls and the contract claim [was] preempted." *Id*. (internal quotations and citation omitted).  Similarly here, Plaintiff worked in a job covered by a CBA. (Declaration of Patrick Snyder, Exs. A, B.)[3]  Therefore, Plaintiff's employment contract may only be effective as part of the CBA and is thus preempted by Section 301.

Plaintiff may not bring a claim under Section 301 against the Individual Defendants. "The law is well settled that individual employees are not proper parties to a suit brought under § 301 of the Labor Management Relations Act. ... Rather, § 301 suits are confined to defendants who are signatories of the collective bargaining agreement under which they are brought." *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980).  Accordingly, the Court grants the Individual Defendants' motion on this claim without leave to amend as well.

The Court is not providing Plaintiff leave to amend because doing so would be futile. *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).  As a matter of law, he cannot sue the Individual Defendants for wrongful termination in violation of public policy or pursuant to Section 301.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Individual Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated:  January 27, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).  Plaintiff alleges the existence of the CBA in his complaint and has not questioned the authenticity of these documents.